IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00140-RLV-DSC

DISH NETWORK LLC,            )
ECHOSTAR TECHNOLOGIES        )
LLC, NAGRASTAR LLC,          )
                             )
         Plaintiffs,         )
                             )
    v.                       )    **ORDER**
                             )
JEFFREY PARSONS,             )
                             )
         Defendant.          )
_____)

**THIS MATTER** is before the Court on Plaintiffs' unopposed Motion for Default Judgment, filed March 9, 2012. (Doc. 8.)

On January 13, 2012, Defendant was served with the Summons and Plaintiffs' Complaint. (Doc. 4.) Defendant's responsive pleading was due twenty-one days later on February 3, 2012. Fed. R. Civ. P. 12(a)(1). To date, Defendant has neither filed a responsive pleading nor requested an extension of time to do so. Accordingly, upon Plaintiffs' prior motion (Doc. 6), the Clerk of Court entered default against Defendant (Doc. 7). Plaintiffs now request entry of default judgment, an award of $10,000 in statutory damages, and injunctive relief. For the reasons stated below, Plaintiffs' application is granted in full.

Plaintiffs have alleged violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (Count I), the Communications Act of 1934, 47 U.S.C. § 605 *et seq.* (Count II), and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511 *et seq.* (Count III).[1]

---

[1] Upon default, the well-pleaded allegations of the Complaint relating to liability are taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The

1

(Doc. 1.) They claim that Defendant "unlawfully circumvented the DISH Network security system and received copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network." (Doc. 1 at 2.) Defendant did so through a subscription to a service operated by *www.dark-angel.ca* ("Dark Angel"). Defendant utilized the Dark Angel service to obtain DISH Network's descrambling "control words," which he in turn used illegally to decrypt DISH Network's satellite signal.[2]

According to the Complaint, Plaintiffs have the authority of the copyright holders to protect the television programming from unauthorized reception and viewing. (Doc. 1 at 3.) Here, Plaintiffs specifically request entry of a default judgment against Defendant on Count III of the Complaint for violations of sections 2511(1)(a) and 2520 of the ECPA. (Doc. 8 at 3.) If granted, Plaintiff DISH Network will dismiss Counts I and II in order to expedite a final judgment. (Doc. 8 at 10.) Therefore, the Court will address only the sufficiency of Count III.

Under 18 U.S.C. § 2511(1)(a), except as otherwise specifically provided, any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or

---

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, Defendant, by his default, does not admit conclusions of law or that the movants are entitled to the relief they seek. *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill"). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

[2] In a separate lawsuit, Plaintiff DISH Network seized Dark Angel's business records and control-word-sharing server, and was able to identify Dark Angel subscribers. (Doc. 1 at 6.) These records indicate that Defendant Parsons purchased a one-year subscription to Dark Angel's service, which essentially allowed Defendant to receive unlimited access to DISH Network programming. (Doc. 8 at 6.) Defendant accessed Dark Angel's server and intercepted DISH Network programming on at least eight separate occasions.

endeavor to intercept, any . . . electronic communication . . . shall be subject to suit as provided in subsection (5)." Subsection (5)(a)(ii) refers to section 2520, which provides a private right of action for section 2511 violations.

To state a claim under section 2520(a) for a violation of section 2511, a plaintiff must plead facts adequately showing that the defendant intentionally intercepted plaintiff's satellite television programming without proper authorization. *See, e.g.*, *DIRECTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (deeming satellite television signals to be among the "electronic communications" protected by ECPA). In *DISH Network, L.L.C. v. DelVecchio*, No. 11–6297, 2011 WL 4747848, at *3–4 (W.D.N.Y. Oct. 7, 2011), the court deemed sufficient the complaint, which similarly alleged that a consumer used the control-word-sharing television service and server here at issue to obtain DISH Network's descrambling control words in order to illegally receive and decrypt copyrighted television programming. Here, Plaintiffs' allegations are likewise sufficient. Plaintiffs have asserted the authority to protect the television programming from unauthorized reception and viewing (Doc. 1 at 3) as well as Defendant's unlawful interception of DISH Network satellite television programming via the Dark Angel service (Doc. 1 at 6; Doc. 9-2 at 31).

As to whether Plaintiffs' allegations support the relief sought, section 2520(c)(2) provides a damage remedy for a violation involving interception of scrambled or encrypted electronic communications: "[T]he court may assess as damages whichever is the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." The Court thus has discretion under section 2520 to award

3

either the statutory sum or no damages at all.[3] *See Nalley v. Nalley*, 53 F.3d 649, 652–54 (4th Cir. 1995) (holding that an award of damages under section 2520(c)(2) is discretionary in light of the fact that Congress had changed the verb from "shall" to "may" when it amended the federal statute in 1986).

Here, Plaintiffs' actual damages appear to fall significantly short of the $10,000 statutory amount. Aside from Defendant's incremental enablement of others to engage in similar conduct, Defendant's incremental damage to Plaintiffs' business reputations, and the proportionate cost of security technologies incurred by Plaintiffs as a result of piracy-related activities, Plaintiffs were primarily harmed in the form of lost revenues. Equipment costs aside, Defendant's one-year subscription to Dark Angel equates to roughly $840 in total lost programming revenue.[4] While several of the harms to Plaintiffs are difficult to quantify, the Court concludes that provable actual damages do not exceed $10,000.

The Court next turns to the per-day calculation of damages. Section 2520(c)(2)(B) provides for the assessment of statutory damages in the amount of $100 for each day of violation, or $10,000, whichever is *greater*. Plaintiffs have indicated that Defendant accessed the Dark Angel server on eight separate occasions.[5] Presuming these occurrences to have been on separate days, the per-day damages amount to $800.

---

[3] The statutory language does not permit the Court to grant some intermediate award. *See, e.g.*, *DelVecchio*, 2011 WL 4747848, at *5–6 (noting that Congress provided no damages range under section 2520(c)(2)).

[4] Plaintiffs represent that DISH Network's average monthly revenue per authorized subscriber is around seventy dollars. (Doc. 8 at 8.)

[5] Plaintiffs note that the seized Dark Angel business records are not complete, and the full measure of Defendant's access to Dark Angel services therefore remains unknown. (Doc. 8 at 6.)

4

Accordingly, there is a basis for the $10,000 statutory damages Plaintiffs seek. While some courts have found the statutory $10,000 damage amount to be excessive, *see, e.g.*, *DIRECTV, Inc. v. Kaas*, 294 F. Supp. 2d 1044 (N.D. Iowa 2003) (finding the $10,000 award excessive on similar facts), in a similar case, the Fourth Circuit has deemed a district court's refusal to award any damages without giving serious consideration to the adverse effects of allowing the misconduct to go unsanctioned to be an abuse of discretion. *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 326–27 (4th Cir. 2008). A refusal to award any damages would exenterate the deterrence value of this lawsuit, leaving the yet-unresponsive Defendant and others largely undiscouraged from similar acts of piracy. Thus, even if the provable actual damages to Plaintiffs in this case are somewhat de minimus, that factor is outweighed by the need for deterrence and the punitive purpose that the statute serves in this matter. *Id.* at 327–28 (noting that whether a useful purpose would be served by awarding the statutory amount is a relevant factor for a district court to consider).

Additionally, the Court finds that Plaintiffs' request for a permanent injunction is appropriate. The ECPA authorizes courts to grant appropriate relief including preliminary and other equitable or declaratory relief as may be appropriate. 18 U.S.C. § 2520(b)(2). The criteria for the issuance of a permanent injunction requires that a plaintiff demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

In granting a permanent injunction under highly similar factual circumstances, the district

court in *DelVecchio* reasoned:

> The Court finds that based on the Defendant's conduct, Plaintiffs have suffered irreparable injury based on the piracy of their service. In addition, the damages provided for above, while significant, are inadequate to prevent future piracy without injunctive relief. The only hardship to Defendant from this injunction would be to prevent him from engaging in further illegal activity, so the balance clearly weighs in Plaintiffs' favor. The public interest is not disserved by an injunction as it will protect copyrights and help enforce federal law. The Court finds the criteria for a permanent injunction have been met and therefore orders Defendant be permanently enjoined from intercepting Plaintiffs' encrypted satellite communications or assisting anyone else in doing so.

*DelVecchio*, 2011 WL 4747848, at *6. The Court reaches the same conclusion here and grants Plaintiffs' request for a permanent injunction.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Default Judgment be **GRANTED**. (Doc. 8.) Partial default judgment with regard to Plaintiffs' claims under 18 U.S.C. §§ 2511(1)(a) and 2520 (Count III) is warranted, and upon Plaintiffs' dismissal of Counts I and II, the Clerk of Court is directed to enter default judgment against Defendant Parsons.

**IT IS FURTHER ORDERED** that Defendant be immediately and permanently enjoined from (1) circumventing or assisting others in circumventing DISH Network's security system, or otherwise intercepting or assisting others in intercepting DISH Network's satellite signal, or (2) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system.

**IT IS FURTHER ORDERED** that Plaintiffs be awarded $10,000.00 in statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B).

The Court retains jurisdiction in this matter to enter final judgment following Plaintiffs' dismissal of Counts I and II, and to enforce the permanent injunction.

Signed: May 30, 2012

Richard L. Voorhees
United States District Judge

7